Fourth Appellate Department, April, 1900. Reported. 51 App. Div. 38.

In the Matter of WILLIAM EGGLESTON's Objections to the Canvass of the Board of Town Canvassers of the Town of Dayton, in the County of Cattaraugus, and of the Canvass Precedent thereto, Made by the Inspectors of Election in Election Districts 1 and 2 in said Town upon the Question of Local Option.

WILLIAM EGGLESTON, Appellant; BOARD OF TOWN CANVASSERS OF THE TOWN OF DAYTON, etc., and Others, Respondents.

Local option—Submission of, to vote—The petition must be filed with the town clerk—He must give notice.

A petition for the submission of the question of local option to the electors of a town, which, by section 16 of the Liquor Tax Law (Laws of 1896, chap. 112, as amended by Laws of 1899, chap. 398), is required to be "filed twenty days before such town meeting with the officer charged with

the duty of furnishing ballots for the election," should be filed with the town clerk, who, at the time the Liquor Tax Law was enacted, was the officer charged with that duty, notwithstanding the fact that the Election Law (Laws of 1896, chap. 909) has created some confusion as to the officer upon whom that duty is now imposed.

It is incumbent upon the town clerk to give notice of the submission of the question to the electors in the manner prescribed by section 34 of the Town Law (Laws of 1890, chap. 569.)

APPEAL by William Eggleston from an order of the Supreme Court, made at the Erie Special Term and entered in the office of the clerk of the county of Cattaraugus on the 20th day of December, 1899, denying the relator's application for a peremptory writ of mandamus directed to the several boards of inspectors of the town of Dayton, requiring them to reject all votes cast upon the question of local option at the last general election held in the said town.

*N. M. Allen* and *J. S. Whipple,* for the appellant.

*James E. Bixby,* for the respondent.

SPRING, J. In the month of September, 1899, electors of the town of Dayton, in the county of Cattaraugus, comprising more than ten per centum of the number of votes cast at the general election in the fall of 1898, executed and acknowledged a petition requesting "that the question of excise as to license and no license may be submitted to the electors of said township for suffrage at the coming town meeting to be held in said township on Tues. Nov. 7, 1899."

This petition was directed to the town clerk of said town, and was filed by him on October 7, 1899, but was taken therefrom by the clerk of the county, by whom it was filed on the fourteenth day of October, and remained thereafter in his office. No other petition asking for such submission was filed by the town clerk, and no notices of election on such subject were posted by such officer. Town meetings in said county were held for the first time last year coincident with the general election, and ballots containing the four propositions specified in the Liquor Tax Law were submitted to the electors in the two election districts composing the said town of Dayton. Subdivision 4 of section 16 of the said law, which related to the authority of hotel-keepers to traffic in liquors, was defeated by two majority, and the relator

in this proceeding was the owner and proprietor of a hotel in said town. The two questions presented on this appeal are:

*First.* Is it necessary to file the petition of the electors for the submission of these questions with the town clerk?

*Second.* Must that official give notice of such submission within the requirements of the Town Law?

*First.* The determination of the questions involved depends upon the construction to be given to the Liquor Tax Law (§ 16, chap. 112, Laws of 1896, amd. by chap. 398, Laws of 1899), the Election Law (Chap. 909, Laws of 1896) and the Town Law (Chap. 569, Laws of 1890, amd. by chap. 481, Laws of 1897). Of course an effort should be made to harmonize, as far as possible, these three important enactments. Since they respectively became a part of the law of the State they have been continued in operation by various amendments, and the legislative intention to give effect to each of them is manifest, and that purpose should be respected by the courts. As was said by the Court of Appeals in *Matter of Taylor* (150 N. Y. 242) in construing two correlative statutes: "When both statutes can fairly stand and operate together, each performing an appropriate office, there is no repeal by implication."

By section 16 of the Liquor Tax Law provision is made for the submission of local option to the electors of the town every second year, and the submission of this question in the town of Dayton was an attempted fulfillment of this section. The section requires the petition of the electors desiring the submission of the four questions prescribed therein at the town meeting to be "filed twenty days before such town meeting with the officer charged with the duty of furnishing ballots for the election." Until this change in the law town meetings were held in the spring throughout the State, and the officer charged with furnishing the ballots was uniformly the town clerk. The record in this case does not show definitely what officer furnished the ballots for the submission of these propositions to the electors of the town of Dayton, nor has the question as to who was the proper officer to perform that duty been presented on this appeal by either of the learned counsel, and is not, therefore, before us. The solution of the questions pertaining to this appeal can be determined without deciding what officer was charged with the duty of furnishing the ballots.

Section 16 requires that this petition be filed with the proper

officer at least twenty days before the town meeting. The law, however, does not invalidate the election because of the omission to file this within the prescribed time. The act provides, "Whenever, through a failure to file any such petition within the time required by a town clerk in any town in which said petition was presented for filing, at least ten days prior to the time of holding the town meeting in said town," or where the town clerk shall be enjoined from providing ballots, said clerk shall call a special town meeting. The town clerk, it will be seen, is the officer to whom the duty is committed and with whom the petition must be filed. In fact, when this act was passed, it was clear and unmistakable that the town clerk was the officer charged with the duties of filing the petition, providing the ballots, etc. While the Election Law has created some confusion as to the proper officer to furnish the ballots, there is nothing in that law dispensing with the filing of the petition with the town clerk. That requirement is maintained in its integrity in the most recent amendments to the Liquor Tax Law, and despite the fact that the town meeting is now held simultaneously with the general election, and although the duty rests upon the county clerk of providing the official ballots containing the names of the candidates to be used thereat.

*Second.* But the vital practical advantage arising upon the filing of this petition is to enable the town clerk to give notice to the electors that these propositions are to be submitted to them to vote upon. This enactment contains no requirement as to giving notice of the submission of these questions to the electors. That was unnecessary, for the Town Law (Laws of 1897, chap. 481, § 13, amdg. Laws of 1890, chap. 569, § 26, and the acts prior thereto) imposed the duty upon the town clerk to give ten days' notice of any matter to be voted upon by the electors of the town except town officers. The requirement as to the filing of the petition must have been enacted with reference to this law, for the petition is to be filed at least twenty days prior to the voting pursuant to it. The county clerk is not charged with the duty of giving notice of the submission of these questions to the electors. He must send a sample ballot to the town clerk five days preceding the election which would afford but meagre notice to the electors of a rural community. The General Election Law obliges him to give public notice of all elections with the name and place of residence of each candidate and to furnish lists

to the town clerk (§§ 5, 61), and the latter functionary is required to post such lists of these nominations. (§§ 62, 63.)

There is, however, no provision in the Election Law making it obligatory upon the county clerk to give notice of town propositions or questions to be submitted to the electors. No provision is made in the Election or Town Law for advising the county clerk of any proposition to be voted upon which relates to the internal affairs of the town. The Town Law, however, provides that "No proposition or other matter than the election of officers shall be voted upon by ballot at any town meeting" unless "a written application plainly stating the question". shall be filed with the town clerk "at least twenty days before the town meeting." The town clerk is required to "give at least ten days' notice posted conspicuously in at least four of the most public places in town of any such proposed question, and that a vote will be taken by ballot at the town meeting mentioned." (Laws of 1890, chap. 569, § 34.)

Again, the Liquor Tax Law provides for only one petition, and if that must be filed in the office of the county clerk the requirement that ten days' notice be given of every proposition to be voted on at a town meeting is abrogated as to this statute. The town clerk has no information upon which to base his notice except the petition filed in his office. Certainly he would not be required to give notice relying upon common knowledge or incidental rumor acquired by him. This proposition as to notice is a very wholesome one. If the petition must only be filed with the county clerk, one-tenth of the electors can quietly cause their petition to be filed and the great body of the electors be ignorant that the liquor question is to be submitted to a vote. Our scheme of government designs that the fullest information be given to the electors of questions to be passed upon by them. It, therefore, seems reasonable to hold that the petition must be filed with the town clerk and the notice prescribed by the Town Law must be given. This is no infraction of the Election Law. The construction simply gives effect to the other enactments which are cognate with that law and must be construed in conjunction with it. Again, this preserves the town meeting as an independent entity. That institution is of ancient origin and interwoven closely with our system of government. In its very inception all matters affecting the town as a body were there passed upon, and that has always been one of its prominent features. The fact that

it is blended with the general election does not destroy its identity.

Enactments passed subsequently to the Election Law have retained the town meeting irrespective of its apparent absorption by the general election. (Chap. 363, Laws of 1898; chap. 594, Laws of 1898.) In no other statute is the town retained as a unit with greater precision than in the Liquor Tax Law. With all its radical changes in the Excise Law it preserved one principle intact, and that was local option. The right of the electors of the town to determine whether liquor should be sold within its boundaries had long been in force. That question had been an important one in the towns and, ordinarily, was unfettered by any party allegiance, and whatever tinge of political element had before existed was eradicated by this law, for the vote was not for the individual, but upon the proposition presented in the four questions.

We have, therefore, the Liquor Tax Law at the time it was framed recognizing the town clerk as charged with certain duties preliminary to the submission to the electors. That law was enacted, as I have stated, evidently to be construed in connection with the Town Law. These two enactments make the filing of the petition with the town clerk a necessity, and the ten days' notice by that officer obligatory the same as for any other local proposition to be submitted to the voters of the town, and there is nothing in the Election Law in any way repugnant to these requirements.

The history of the town meeting as an integral institution; its significance in all our excise legislation; the necessity of lodging the petition with the town clerk to insure notice to the electors; the fact that this official was actually charged with the duty of filing the petition when the act was passed, and that the Liquor Tax Law is to be construed in connection with the Town Law requiring notice to the electors, are cogent reasons for confining the execution of this part of the law to that officer.

As suggested above, we determine on this appeal only two propositions: *First,* that the petition must be filed with the town clerk; *second,* that he must give notice of the vote on local option as prescribed in the Town Law for propositions submitted to the electors of the town. We do not decide what officer is charged with the duty of furnishing the ballots, nor upon what ballots these propositions shall be printed when a town meeting is held

concurrently with the general election, nor whether a copy of the petition shall be filed with the county clerk or a notice of the filing be given to that officer by the town clerk. These questions may be important, but they are not before us for decision.

The petition preliminary to the submission of these propositions was loosely drawn and the manner of taking the acknowledgments by the notary showed like laxity. While we do not hold these defects necessarily render the petition insufficient, yet common prudence suggests a more circumspect compliance with the statute.

The order is reversed and a peremptory writ of mandamus ordered directed to the boards of inspectors and town canvassers of the town of Dayton, requiring them to reconvene and reject all votes cast in said election districts upon the subject of local option. No costs are allowed, as the questions involved are novel.

All concurred.

Order reversed and a peremptory writ of mandamus ordered directed to the boards of election inspectors and board of town canvassers of the town of Dayton requiring them to reconvene and reject all votes cast in said election districts upon the subject of local option. No costs are allowed, as the questions involved are novel.